1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIMMY RAY TYSON, SR.,                    No.  2:16-cv-2494 JAM AC P

12                  Petitioner,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   JEFF MACCOMBER,

15                  Respondent.

16

17        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to

18   28 U.S.C. § 2254.  Now pending before the court is respondent's motion to dismiss (ECF No. 8)

19   which argues that the petition fails to state a cognizable federal habeas claim.  Petitioner has

20   responded to the motion (ECF No. 9) and respondent has filed a reply (ECF No. 10).  After

21   review of the pleadings, the court recommends that respondent's motion be granted.

22        I.    Background

23        Petitioner was assessed a thirty day loss of credit on June 13, 2015 for disrespecting

24   prison staff.  ECF No. 1 at 1.  He filed a petition for writ of habeas corpus in the Sacramento

25   County Superior Court in which he argued that staff should have given him a verbal warning in

26   lieu of a loss of credit.  Id. at 28.  The superior court rejected petitioner's claims in a reasoned

27   decision.  Id. at 28-31.  Petitioner then raised this claim in the state court of appeal and the

28   California Supreme Court, both of which summarily denied his petition.  Id. at 33, 36.

1

The federal petition raises two claims. First, petitioner argues that the prison hearing officer erroneously assessed a loss of credit penalty for a "lesser included offense" after finding him innocent of threatening a peace officer. Id. at 4. He claims that the appropriate penalty for the offense of which he was found guilty – disrespecting staff – was a verbal warning. Id. Second, petitioner argues that his disciplinary finding for disrespecting staff was not supported by sufficient evidence. Id. at 6.

## II. Applicable Legal Standards

In the context of federal habeas claims, a motion to dismiss is construed as arising under rule 4 of the Rules Governing Section 2254 in the United States District Courts which "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)). Accordingly, a respondent is permitted to file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards in reviewing the motion. See Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982). Rule 4 specifically provides that a district court may dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The court may, however, take judicial notice of court records and does so here. See Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010).

## III. Analysis

In Nettles v. Grounds, the Ninth Circuit held that federal habeas relief is only available to a prisoner if his claim lies at the core of habeas corpus – that is, if success on his claim would "necessarily lead to . . . immediate or earlier release from confinement." 830 F.3d 922, 930-31, 935 (9th Cir. 2016). In Nettles, the appellate court concluded that the petitioner, who was an inmate serving a determinate term of twelve years and a life term with the possibility of parole, would not necessarily be entitled to a speedier release if his challenged disciplinary violation were expunged. Id. at 925, 934-35. This was because the disciplinary violation was merely one factor which the parole board could consider in deciding whether to grant parole. Id. at 935.

The present petition is foreclosed by <u>Nettles</u>.  Petitioner is serving an indeterminate sentence of twenty-five years to life.  ECF No. 8 at 6.  Thus, like the petitioner in <u>Nettles</u>, he does not have a fixed release date and will be released only if and when the parole board determines he is suitable for parole.  Cal. Penal Code § 3041; Cal. Code Regs. Tit. 15, § 2402.  Expungement of his disciplinary violation would not necessarily lead to his speedier or immediate release.  In his response, petitioner argues that "[o]ne of the main factors" by which parole suitability is determined is an inmate's disciplinary record.  ECF No. 9 at 2.  This is undoubtedly true, but it cannot be said that he would *necessarily* be paroled (or necessarily be granted quicker parole) if his conviction were expunged.  Success in this petition would merely increase petitioner's chances of parole.  <u>Nettles</u> explicitly noted that its adoption of the "core of habeas" standard was partially motivated by a desire to sidestep the sort of probability analysis which previously required courts to "guess at the discretionary decisions of state officials in order to determine whether an action sounds in habeas . . . ."  830 F.3d at 934.

## IV.  Conclusion

Accordingly, it is RECOMMENDED that respondent's motion to dismiss (ECF No. 8) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing

////

////

////

3

§ 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: June 19, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE